# EXHIBIT B

## Complaint To Trans Union, LLC

CIVIL COURT OF THE CITY OF NEW YORK
KINGS COUNTY
----------------------------------------------------------------X

MORRIS MANOPLA,　　　　　　　　　　　　　　　Index No.:

　　　　　　　　Plaintiff,

　　　-against-　　　　　　　　　　　　　　　　　　COMPLAINT FOR
　　　　　　　　　　　　　　　　　　　　　　　　　VIOLATIONS OF THE
　　　　　　　　　　　　　　　　　　　　　　　　　FCRA

EXPERIAN, EQUIFAX, TRANSUNION
AND MR. COOPER AKA NATIONSTAR MTG LLC

　　　　　　　　Defendant(s).
----------------------------------------------------------------X

　　　Plaintiff, MORRIS MANOPLA ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C., by Edward B. Geller, Esq., P.C., Of Counsel, as and for his Complaint against the Defendants EXPERIAN, TRANSUNION, EQUIFAX, and MR. COOPER aka NATIONSTAR MTG LLC (hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1.　　Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation(s) of: (i) §1681 *et seq. as amended,* of Title 15 of the United States Code, commonly referred to the Fair Credit Reporting Act ("FCRA");

### PARTIES

2.　　Plaintiff MORRIS MANOPLA is a resident of the State of NEW YORK, residing

at 2026 EAST 1ST STREET, BROOKLYN, NY 11223.

3. Defendant MR COOPER aka NATIONSTAR MTG LLC is a TEXAS corporation and has a place of business at 8950 CYPRESS WATERS BOULEVARD, COPPELL, TX 75019.

4. Defendant EXPERIAN is a TEXAS corporation and has a place of business at 701 EXPERIAN PARKWAY ALLEN, TX 75013.

5. Defendant TRANSUNION is an ILLINOIS corporation and has a place of business at 555 WEST ADAMS STREET CHICAGO, IL 60661.

6. Defendant EQUIFAX is a GEORGIA corporation and has a place of business at 1550 PEACHTREE STREET NW, ATLANTA, GA 30309.

7. Defendants EXPERIAN, TRANSUNION, and EQUIFAX are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC §1681(d) to third parties.

8. The Defendants EXPERIAN, TRANSUNION, and EQUIFAX are hereafter referred to as "Defendants EXPERIAN, TRANSUNION, and EQUIFAX, The Defendants are a "person" and "creditor reporting agency" as defined under in the FCRA, 15 USC §1681a (b) and (f). The Plaintiff is a "consumer" as defined under the FCRA, 15 USC §1681a(c).

## FACTUAL ALLEGATIONS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10. Upon information and belief, Defendant MR. COOPER aka NATIONSTAR MTG

LLC, on behalf of itself or a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

11. Upon information and belief, and better known to the Defendant, the Defendant Mr. Cooper began its collection efforts and campaign of communications with the Plaintiff by reporting an account attributed to Plaintiff to national credit bureau(s)

12. The Plaintiff acquired a copy of his credit report and noticed an account with the Defendant Mr. Cooper aka Nationstar Mtg LLC with a negative tradeline.

13. Based on the negative information in his credit report, the Plaintiff wrote and sent dispute letters dated March 28, 2018 to Defendants Experian, Equifax and Transunion.

14. The Plaintiff did not receive a reply to these letters, and he wrote and sent another set of dispute letters dated May 17, 2018.

15. Even after the second set of dispute letters, he Defendants did not fix the errors reporting on the Plaintiff's credit reports. Because of these discrepancies the Plaintiff was denied a loan and was unable to get approved for a second car. He was never late on his mortgage with Mr. Cooper aka Nationstar Mtg LLC.

### FIRST CAUSE OF ACTION
### *(Violations of the FCRA)*

16. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set forth at length herein.

17. The Defendants violated the Plaintiff's rights under 15 USC §1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy of the

information they reported to one or more third parties pertaining to the Plaintiff's credit report and credit files which Defendants published and maintained, as well as by failing to properly update and either delete the account or report it accurately and do a thorough investigation, which in turn caused the Plaintiff to be denied for a loan and he was therefore unable to get the approval needed to purchase a second car.

18. As a result of Defendants' violation of 15 USC §1681e(b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

19. The violation by the Defendants of 15 USC §1681e (b) were willful, rendering then liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n.

20. After receiving the Plaintiff's dispute to Errant Trade Line, Experian, Transunion and Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 USC §1681i. As a direct and proximate cause of Experian, Transunion and Equifax's negligent failure to perform their duties under FCRA, the Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

21. Experian, Transunion and Equifax are liable to the Plaintiff by reason of their violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorney's fees pursuant to 15 USC §1681o.

22. Defendant Experian, Transunion and Equifax prepared, compiled, issued assembled, transferred, published, and otherwise reproduced consumer reports regarding the Plaintiff as that term is defined in 15 USC §1681i(a).

23. Such reports contained information about the Plaintiff that was false, misleading,

and inaccurate.

24. The Defendants violated 15 USC §1681i(a) by failing to conduct a reasonable reinvestigation after receiving the Plaintiff's dispute to an Errant Trade line to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit files.

25. As a result of the Defendants' violations of 15 USC §1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

26. The violations by the Defendants of 15 USC §1681i(a) were willful, rendering then liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n. In the alternative, the Defendants were negligent, which entitles Plaintiff to recovery under 15 USC §1681o.

27. As a result of the Defendants' violations of 15 USC §1681i (a)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

28. The violations by the Defendants of 15 USC §1681i (a)(1)(A) were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n. In the alternative, the Defendants were negligent, which entitles Plaintiff to recovery under 15 USC §1681o.

29. The Defendants violated 15 USC §168i (a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

30. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney

fees from the Defendants in an amount to be determined by the Court pursuant to 15 USC §1681n and 15 USC §

## SECOND CAUSE OF ACTION

### *(Violations of NY General Business Law § 349)*

### Deceptive Trade Practices

31. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "30" herein with the same force and effect as if the same were set forth at length herein.

32. Plaintiff is a consumer as that term is defined in New York General Business Law section 349 (NY GBL Sec. 349).

33. The described acts and practices involved "trade or commerce" as such terms are described in NY GBL Sec. 349, "a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

34. An unfair or deceptive practice in the conduct of any trade or commerce is unlawful pursuant to NY GBL Sec. 349.

35. Defendant Mr. Cooper aka Nationstar Mtg LLC violated NY GBL Sec. 349 by unfairly and deceptively reporting inaccurate, incomplete, and unverifiable information and by failing to provide all the information required on the Plaintiff's credit report, as well as by verifying the information on the Plaintiff's account, which caused the Plaintiff to be denied a loan and as a resul he was unable to get the approval needed to purchase a second car,

## THIRD CAUSE OF ACTION

## 15 U.S.C.§1681e(b) VIOLATION OF FAIR CREDIT REPORTING ACT

## STANDARD OF LEGAL REVIEW

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "35" herein with the same force and effect as if the same were set forth at length herein.

37. In Boggio, the Sixth Circuit confirmed its stance that a private right of action exists if, once notified about a dispute, a furnisher fails to follow the duties laid out in § 1681s-2(b).[2] The Court held: § 1681s-2(b) reads: "After receiving notice pursuant to 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the [CRA] pursuant to 1681i(a)(2) of this title;

(C) report the results of the investigation to the [CRA];

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any investigation under paragraph (1), for purposes of reporting to a [CRA] only, as appropriate, based on the results of the investigation promptly –

i.  modify that item of information;

ii. delete that item of information; or

iii. permanently block the reporting of that item of information."

38. According to Boggio, the duties under (A) and (B) are inextricably linked. For an investigation to be sufficient under (A), it must be "reasonable," which the court describes as a "'fairly searching inquiry,' or at least something more than a merely cursory review."[3] However, what constitutes "reasonableness" in investigation is determined by the "information provided by the [CRA] pursuant to 1681i(a)(2)."[4] Therefore, a furnisher must review the information provided by the CRA under (B) in order to determine the level of scrutiny that a "reasonable" investigation will require.

39. Defendants Experian, Transunion and Equifax violated 15 U.S.C. §1681e(b) on multiple occasions by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit report and credit files which they published and maintained concerning the Plaintiff.

40. As a result of the conduct, actions and inactions of the Defendants, the Plaintiff suffered actual damages including, without limitation, by example only and as described herein as follows: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

41. Experian, Transunion and Equifax's conduct, actions and inactions were willful, rendering Experian, Transunion and Equifax liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, the Defendants were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

42. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

## FOURTH CAUSE OF ACTION

### *(Negligent Violations of the FCRA by Mr. Cooper)*

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "42 "herein with the same force and effect as if the same were set forth at length herein.

44. After being informed by Experian, Transunion and Equifax of the Plaintiffs consumer dispute of the Errant Trade Line, Mr. Cooper aka Nationstar Mtg LLC negligently failed to conduct a proper investigation of the Plaintiff's dispute as required by 15 USC 1681s-2(b).

45. Mr. Cooper aka Nationstar LLC negligently failed to review all relevant information available to it and provided by Experian, Transunion and Equifax in conducting its reinvestigation as required by 15 USC1681s2(b). Specifically, it failed to direct Experian, Transunion and Equifax to correct The Errant Trade Line which is inaccurate and created a misleading impression on the Plaintiff's consumer credit file with Experian, Transunion and Equifax to which it is reporting such trade line.

46. As a direct and proximate cause of Mr. Cooper aka Nationstar Mtg LLC's negligent failure to perform its duties under the FCRA, the Plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

47. Mr. Cooper aka Nationstar Mtg LLC is liable to the Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o. 20. The Plaintiff has a private right of action to assert

claims against Mr. Cooper aka Nationstar Mtg LLC arising under **15 USC 1681s-2(b)**.

48. **WHEREFORE**, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendants, jointly and severally; for his attorneys' fees and costs, for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 USC §1681n of the FCRA in the amount of $25,000;

B. For statutory damages provided and pursuant to 15 USC §1681n of the FCRA;

C. For attorneys' fees and costs provided and pursuant to 15 USC §1681n of the FCRA;

D. For statutory, actual and punitive damages of $1,000,000.00 provided and pursuant to the FCRA, 15 U.S.C. 1681 § n (a)(1)(A), n (2), n(3); in the alternative for damages pursuant to negligence under 15 U.S.C. 1681 § o (a) (1)(2)

E. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
December 18, 2018

Respectfully submitted,

By: _____
Edward B. Geller, Esq.
Edward B. Geller, Esq., P.C., Of Counsel to
M. HARVEY REPHEN & ASSOCIATES, P.C.
15 Landing Way
Bronx, New York 10464
Phone: (914)473-6783

*Attorney for the Plaintiff* MORRIS MANOPLA

## AFFIRMATION

I, Morris Manopla, under the penalty of perjury, deposes and say:

I am the Plaintiff in the above entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

*[signature]*

Morris Manopla

_____ [Printed]

Plaintiff

Affirmed before me this 20 day of Dec 2018.

*[signature]*

Notary Public

AMI SASSON
Notary Public, State of New York
No. 01SA6118400
Qualified in New York County
Commission Expires Nov. 8, 2020