UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK (BROOKLYN)

| | |
|---|---|
| MORRIS MANOPLA,<br>         Plaintiff,<br><br>    vs.<br><br>EXPERIAN; EQUIFAX;<br>TRANSUNION and MR. COOPER<br>aka NATIONSTAR MTG LLC;<br>         Defendants. | CASE NO.   1:19-cv-00992-BMC<br><br>**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** |

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

### INTRODUCTION/PRELIMINARY STATEMENT

1.    Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation(s) of: (i) § 1681 *et seq, as amended,* of Title 15 of the United States Code, commonly referred to the Fair Credit Reporting Act ("FCRA");, [sic]

**ANSWER:**   Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

### PARTIES

2.    Plaintiff MORRIS MANOPLA is a resident of the State of NEW YORK, residing at 2026 EAST 1st STREET, BROOKLYN, NY 11223.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

3. Defendant MR COOPER aka NATIONSTAR MTG LLC is a TEXAS corporation and has a place of business at 8950 CYPRESS WATERS BOULEVARD, COPPELL, TX 75019.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

4. Defendant EXPERIAN is a TEXAS corporation and has a place of business at 701 EXPERIAN PARKWAY ALLEN, TX 75013.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

5. Defendant TRANSUNION is an ILLINOIS corporation and has a place of business at 555 WEST ADAMS STREET CHICAGO, IL 60661.

**ANSWER:** Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

6. Defendant EQUIFAX is a GEORGIA corporation and has a place of business at 1550 PEACHTREE STREET NW, ATLANTA, GA 30309.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

7. Defendants EXPERIAN,TRANSUNION, and EQUIFAX are regularly engaged in the business, of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC § 1681(d) to third parties.

**ANSWER:** Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

8. The Defendants EXPERIAN, TRANSUNION, and EQUIFAX are hereafter referred to as "Defendants EXPERIAN, TRANSUNION, and EQUIFAX, The Defendants are a "person" and "creditor [sic] reporting agency' as defined under in the FCRA, 15 USC § 1681a(b) and (f). The Plaintiff is a "consumer" as defined under the FCRA, 15 USC § 1681a(c).

**ANSWER:** Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

### FACTUAL ALLEGATIONS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

10. Upon information and belief, Defendant MR. COOPER aka NATIONSTAR MTG LLC, on behalf of itself or a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

11. Upon information and belief, and better known to the Defendant, the Defendant Mr. Cooper began its collection efforts and campaign of communications with the Plaintiff by reporting an account attributed to Plaintiff to national credit bureau(s) [sic]

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

12.     The Plaintiff acquired a copy of his credit report and noticed an account with the Defendant Mr. Cooper aka Nationstar Mtg. LLC with a negative tradeline.

**ANSWER:**    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

13.     Based on the negative information in his credit report, the Plaintiff wrote and sent dispute letters dated March 28,2018 to Defendants Experian, Equifax and Transunion.

**ANSWER:**    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

14.     The Plaintiff did not receive a reply to these letters, and he wrote and sent another set of dispute letters dated May 17, 2018.

**ANSWER:**    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

15. Even after the second set of dispute letters, he [sic] Defendants did not fix the errors reporting on the Plaintiff's credit reports. Because of these discrepancies the Plaintiff was denied a loan and was unable to get approved for a second car. He was never late on his mortgage with Mr. Cooper aka Nationstar Mtg LLC.

**ANSWER:** Trans Union denies that it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

## FIRST CAUSE OF ACTION
### (Violations of the FCRA)

16. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

17. The Defendants violated the Plaintiff's rights under 15 USC § 168le(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy of the information they reported to one or more third parties pertaining to the Plaintiff's credit report and credit files which Defendants published and maintained, as well as by failing to properly update and either delete the account or report it accurately and do a thorough investigation, which in turn caused the Plaintiff to be denied for a loan and he was therefore unable to get the approval needed to purchase a second car.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a

response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

18. As a result of Defendants' violation of 15 USC § 1681e(b), Plaintiff suffered actual damages, including but not limited, to loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

19. The violation by the Defendants of 15 USC § 1681e (b) were willful, rendering then liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

20. After receiving the Plaintiff s dispute to Errant Trade Line, Experian, Transunion and Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 USC § 168li. As a direct and proximate cause of Experian, Transunion and Equifax's negligent failure to perform their duties under FCRA, the Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a

response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

21. Experian, Transunion and Equifax are liable to the Plaintiff by reason of their violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorney's fees pursuant to 15 USC § 1681o.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

22. Defendant Experian, Transunion and Equifax prepared, compiled, issued assembled, transferred, published, and otherwise reproduced consumer reports regarding the Plaintiff as that term is defined in 15 USC § 1681i(a).

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

23. Such reports contained information about the Plaintiff that was false, misleading, and inaccurate.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

24. The Defendants violated 15 USC § 1681i(a) by failing to conduct a reasonable reinvestigation after receiving the Plaintiff's dispute to an Errant Trade line to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit files.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

25. As a result of the Defendants' violations of 15 USC § 1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment humiliation and other mental, physical and emotional distress.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

26. The violations by the Defendants of 15 USC § 1681i(a) were willful, rendering then [sic] liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, the Defendants were negligent, which entitles Plaintiff to recovery under 15 USC § 1681o.;

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a

response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

27. As a result of the Defendants' violations of 15 USC § 1681i(a)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

28. The violations by the Defendants of 15 USC § 168li(a)(1)(A) were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, the Defendants were negligent, which entitles Plaintiff to recovery under 15 USC § 1681o.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

29. The Defendants violated 15 USC § 168i (a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a

response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

30. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney fees from the Defendants in an amount to be determined by the Court pursuant to 15 USC § 1681n and 15 USC § [sic]

**ANSWER:** Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## SECOND CAUSE OF ACTION

### *(Violations of NY General Business Law § 349)*

### Deceptive Trade Practices

31. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs number "1" through "30" herein with the same force and effect as if-the same were set forth at length herein.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

32. Plaintiff is a consumer as that term is defined in New York General Business Law section 349 (NY GBL Sec. 349).

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

33. The described acts and practices involved "trade or commerce" as such terms are described in NY GBL Sec. 349, "a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

34. An unfair or deceptive practice in the conduct of any trade or commerce is unlawful pursuant to NY GBL Sec. 349.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

35. Defendant Mr. Cooper aka Nationstar Mtg LLC violated NY GBL Sec. 349 by unfairly and deceptively reporting inaccurate, incomplete, and unverifiable information and by failing to provide all the information required on the Plaintiff's credit report, as well as by-verifying the information on the Plaintiff's account, which caused the Plaintiff to be denied a loan and as a resul [sic] he was unable to get the approval needed to purchase a second car.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### THIRD CAUSE OF ACTION

### 15 U.S.C. § 1681e(b) VIOLATION OF FAIR CREDIT REPORTING ACT

### STANDARD OF LEGAL REVIEW

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "35" herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

37. In Boggio, the Sixth Circuit confirmed its stance that a private right of action exists if, once notified about a dispute, a furnisher fails to follow the duties laid out in § 1681s-2(b).[2] The Court held: § 168 ls-2(b) reads: "After receiving notice pursuant to 1681i(a)(2) of this title of

a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall -

 (A) conduct an investigation with respect to the disputed information;

 (B) review all relevant information provided by the [CRA] pursuant to 1681i(a)(2) of this title;

 (C) report the results of the investigation to the [CRA];

 (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

 (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any investigation under paragraph (1), for purposes of reporting to a [CRA] only, as appropriate, based on the results of the investigation promptly -

  i. modify that item of information;

  ii. delete that item of information; or

  iii. permanently block the reporting of that item of information.

**ANSWER:** Trans Union states that the allegations of this paragraph, including its subparts, are legal conclusions and, so stating, denies them.

 38. According to Boggio, the duties under (A) and (B) are inextricably linked. For an investigation to be sufficient under (A), it must be "reasonable," which the court describes as a "fairly searching inquiry," or at least something more than a merely cursory review." [3] However, what constitutes "reasonableness" in investigation is determined by the "information provided by the {CRA] pursuant to 1681i(a)(2)." [4] Therefore, a furnisher must review the information

provided by the CRA under (B) in order to determine the level of scrutiny that a "reasonable" investigation will require.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

39. Defendants Experian, Transunion and Equifax violated 15 U.S.C. § 1681e(b) on multiple occasions by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit report and credit files which they published and maintained concerning the Plaintiff.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

40. As a result of the conduct, actions and inactions of the Defendants, the Plaintiff suffered actual damages including, without limitation, by example only and as described herein as follows: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

41. Experian, Transunion and Equifax's conduct, actions and inactions were willful, rendering Experian, Transunion and Equifax liable for punitive damages in an amount to be

determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, the Defendants were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

**ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

42.    The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**ANSWER:**    Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## FOURTH CAUSE OF ACTION

### *(Negligent Violations of the FCRA by Mr. Cooper)*

43.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered, "1' through '42' herein with the same force and effect as if the same were set forth at length herein.

**ANSWER:**    Trans Union reasserts its answers and responses set forth herein.

44.    After being informed by Experian, Transunion and Equifax of the Plaintiff's consumer dispute of the Errant Trade Line, Mr. Cooper aka Nationstar Mtg LLC negligently failed to conduct a proper investigation of the Plaintiff's dispute as required by 15 USC [sic] 1681s-2(b).

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

45. Mr. Cooper aka Nationstar LLC negligently failed to review all relevant information available to it and provided by Experian, Transunion and Equifax in conducting its reinvestigation as required by 15 USC1681s2(b) [sic]. Specifically, it failed to direct Experian, Transunion and Equifax to correct The Errant Trade Line which is inaccurate and created a misleading impression on the Plaintiff's consumer credit file with Experian, Transunion and Equifax to which it is reporting such trade line.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

46. As a direct and proximate cause of Mr. Cooper aka Nationstar Mtg LLC's negligent failure to perform its duties under the FCRA, the Plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

47. Mr. Cooper aka Nationstar Mtg LLC is liable to the Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier [sic] fact together with reasonable attorneys' fees pursuant to 15 USC [sic] 1681o. 20. [sic] The Plaintiff has a private right of action to assert claims against Mr. Cooper aka Nationstar Mtg LLC arising under 15 [sic] USC 1681s-2(b).

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

48. **WHEREFORE,** Plaintiff demands judgment for actual, statutory, and punitive damages against Defendants, jointly and severally; [sic] for his attorneys' fees and costs, for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

**ANSWER:** Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 USC § 168 In of the FCRA in the amount of $25,000;

B. For statutory damages provided and pursuant to 15 USC § 1681n of the FCRA;

C. For attorneys' fees and costs provided and pursuant to 15 USC § 1681n of the FCRA;

D. For statutory, actual and punitive damages of $ 1,000,000.00 provided and pursuant to the FCRA, 15 U.S.C. 1681 § n (a)(1)(A), n (2), n(3) [sic]; in the alternative for damages pursuant to negligence under 15 U.S.C. 1681 § o (a) (1)(2) [sic]

E. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

**ANSWER:** Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2. Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3. Trans Union's reports concerning Plaintiff were true or substantially true.

4. Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6. Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7. At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9. Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

10. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11. Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12. Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13. Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of

applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14. Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Date: March 5, 2019                                                  Respectfully submitted,


*/s/ Camille R. Nicodemus*
Camille R. Nicodemus, Esq.   (NY #2807451)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  cnicodemus@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC
(improperly identified as Transunion)*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **5th day of March, 2019**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| Edward B. Geller, Esq. | Kerianne Tobitsch, Esq. |
| epbh@aol.com | ktobitsch@jonesday.com |
| William C. Sandelands, Esq. | |
| wsandelands@sandelandslaw.com | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **5th day of March, 2019**, properly addressed as follows:

| None. | |

*/s/ Camille R. Nicodemus*
Camille R. Nicodemus, Esq.   (NY #2807451)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  cnicodemus@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC
(improperly identified as Transunion)*