# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORRIS MANOPLA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EXPERIAN, EQUIFAX, TRANSUNION, ) <br> and MR. COOPER aka NATIONWIDE ) <br> MTG LLC, ) <br> ) <br> Defendant(s). ) <br> ) | Civil Action No. 1:19-cv-00992-BMC |

## MEMORANDUM OF LAW IN SUPPORT OF
## EXPERIAN INFORMATION SOLUTIONS, INC.'S
## <u>MOTION FOR ATTORNEYS' FEES</u>

JONES DAY
Kerianne Tobitsch
250 Vesey Street
New York, NY 10281
Telephone:  (212) 326-8321
Facsimile:  (212) 755-7306
Email: ktobitsch@jonesday.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1
FACTUAL AND PROCEDURAL BACKGROUND ...................................................................... 2
LEGAL STANDARD .................................................................................................................. 4
ARGUMENT .............................................................................................................................. 5
    I.    Experian Is Entitled To attorneys' Fees Incurred In Defense Of Plaintiff's Meritless Claims ................................................................................ 5
        A.    Plaintiff's FCRA Claims Lack Merit ................................................. 5
        B.    Plaintiff's FCRA Claim Was Brought And Maintained In Bad Faith And For Improper Purposes ....................................................... 7
    II.    Experian's Request For Attorneys' Fees Is Reasonable ............................. 8
CONCLUSION ........................................................................................................................ 11

# TABLE OF AUTHORITIES

Page

**CASES**

*Abreu v. Receivable Collection Svcs., LLC*,
   2019 WL 1876722 (E.D.N.Y. Apr. 26, 2019) .................................................................. 6, 7

*Bunnell v. Haghighi*,
   183 F. Supp. 3d 364 (E.D.N.Y. 2016) ................................................................................. 7

*Cummings v. W. Harlem Cmty. Org., Inc.*,
   17-cv-4236, 2018 WL 3435058 (E.D.N.Y. July 17, 2018) ................................................ 12

*Eastway Constr. Corp. v. City of New York*,
   762 F.2d 243 (2d Cir. 1985) ................................................................................................ 6

*Enmon v. Prospect Capital Corp.*,
   675 F.3d 138 (2d Cir. 2012) .............................................................................................. 12

*Kaufman v. Equifax Info. Svcs., LLC, et al.*,
   Order, 1:18-cv-07420-BMC, ECF. No. 56 (Cogan, J.) ..................................................... 12

*Khan v. Equifax Info. Svcs., LLC*,
   2019 WL 2492762 (E.D.N.Y. Jun. 14, 2019) ..................................................................... 7

*Kim v. Kimm*,
   884 F.3d 98 (2d Cir. 2018) .................................................................................................. 6

*LG Capital Funding, LLC v. 5Barz Int'l, Inc.*,
   16-cv-2752, 2019 WL 3082478 (E.D.N.Y. July 15, 2019) ............................................... 12

*Luciano v. Olsten Corp.*,
   109 F.3d 111 (2d Cir. 1997) .............................................................................................. 11

*Ransmeier v. Mariani*,
   718 F.3d 64 (2d Cir. 2013) .................................................................................................. 6

*Reichmann v. Neumann*,
   553 F. Supp. 2d 307 (S.D.N.Y. 2008) ............................................................................ 8-10

Experian Information Solutions, Inc. ("Experian") submits this Memorandum of Law in support of its Motion for Attorneys' Fees.

## PRELIMINARY STATEMENT

Experian is requesting that the Court award attorneys' fees in the amount of $16,050 for work on its dispositive motions because Plaintiff misrepresented the key assertion that he was "never late" in making his mortgage payments to Nationstar Mortgage, LLC ("Nationstar"). Plaintiff's misrepresentation served as the basis for his claims against Experian, which he pursued through summary judgment practice and then withdrew.

At every opportunity during the proceedings in this matter, Plaintiff advanced the narrative that he was never late in paying his mortgage. He made this assertion in his complaint (ECF No. 1), attorney letters to the Court on April 3, 2019 (ECF No. 22) and April 8, 2019 (ECF No. 25), the memorandum of law opposing summary judgment on May 15, 2019 (ECF No. 40), and Plaintiff's sworn affidavit in opposition to summary judgment (ECF No. 40-1). Following oral argument on summary judgment, Plaintiff abandoned the claims (ECF No. 50).

The undisputed documentary evidence refutes Plaintiff's statements and legal arguments, which should never have been made or pursued. The payment history and correspondence between Plaintiff and Nationstar show that Plaintiff was 748 days late in making payments to Nationstar as of April through June 2018, the same time period for which he was disputing his account with Experian. Plaintiff admitted in a signed letter to Nationstar on October 23, 2017, that he had ceased making payments on his account.[1] Despite having knowledge that he was two years late in making payments, Plaintiff filed this case against Experian on the false factual

---

[1] *See* Tobitsch Decl., at Ex. 8. (All exhibits are attached to the attorney declaration filed in conjunction with this memorandum.)

1

premise that he "was never late" and only agreed to dismiss this case after Nationstar produced this dispositive evidence of his late payments.

Not only did Plaintiff file and prosecute a case against Experian for reporting accurate information about his account, Plaintiff also attempted to obscure the truth by submitting documentation in his affidavit designed to create a false material issue of disputed fact. This caused Experian to expend substantial time investigating these claims and correcting the record.

Following oral argument on summary judgment at which the Court warned Plaintiff's counsel concerning "consequences" if Plaintiff's submissions in opposition to summary judgment were inaccurate and Plaintiff "made up a case," Plaintiff abandoned his claims. *See* Sept. 4, 2019 Hr'g Tr., at 15:25, 16:1-5 (Ex. 5). Plaintiff's knowledge and disregard for the truth, and the failure of Plaintiff's counsel to investigate and disclose this stark inconsistency in his client's narrative, demonstrates a lack of good faith in advancing meritless claims and legal arguments against Experian.

The attorneys' fees sought in this application are reasonable because they are limited to those fees incurred by Experian to bring its dispositive motions, and the fees are based on the prevailing rates in the Eastern District of New York rather than actual, higher billing rates of the attorneys who worked on summary judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

The factual background of this matter was fully set forth in the Memorandum in Support of Experian's Motion for Summary Judgment (ECF No. 37). In short, Experian received two letters disputing Plaintiff's mortgage account with Nationstar. In the first letter received by Experian on April 3, 2018, Plaintiff asserted that it was incorrect for Experian to report Plaintiff's account as 150 days late with a balance. *See* ECF. No. 38-1. In the second letter received by Experian on May 23, 2018, Plaintiff similarly asserted that it was incorrect for

Experian to report the account as 120 days late. *See* ECF No. 38-4. Experian conducted a timely reinvestigation of each dispute and reported to Plaintiff the results, which continued to report the account as late with a past due balance. *See* ECF Nos. 38-3, 38-6.

Plaintiff filed a complaint on January 30, 2019, asserting claims under Sections 1681i and 1681e(b) of the Fair Credit Reporting Act ("FCRA") concerning the reasonableness of Experian's reinvestigations and procedures. *See* Compl, at ¶¶ 17-30, 36-42. Experian filed a pre-motion conference letter on April 4, 2019, requesting permission to file either a motion to dismiss or motion for summary judgment (ECF No. 23), and Plaintiff's counsel filed an opposition letter on April 8, 2019. *See* ECF No. 25. Nationstar also filed a pre-motion conference letter on March 27, 2019, requesting permission to file a motion to dismiss (ECF No. 18), and Plaintiff's counsel filed an opposition letter on April 3, 2019. *See* ECF No. 22. The Court held a pre-motion conference on April 10, 2019, where the Court granted Experian permission to file a motion for summary judgment. *See* ECF No. 27.

Experian filed its motion for summary judgment on May 1, 2019. *See* ECF Nos. 35-38. Plaintiff's counsel filed his memorandum of law in opposition on May 15, 2019. *See* ECF No. 40. In support of the opposition, Plaintiff submitted an affidavit sworn under oath on May 15, 2019. *See* ECF No. 40-1. Experian filed its reply memorandum of law on May 29, 2019. *See* ECF No. 42.

The Court held oral argument on the motion for summary judgment on September 4, 2019, and asked to see the mortgage statements related to the Nationstar account. *See* ECF No. 45; Sept. 4 Hr'g Tr., at 15:25, 16:1-5. Nationstar's documents related to Plaintiff's account included mortgage loan statements between August 17, 2017, and August 1, 2018, payment

3

transactions history, correspondence between Plaintiff and Nationstar, and a permanent loan modification agreement dated July 4, 2018.  *See* Tobitsch Decl., at ¶¶ 6-11.

Plaintiff agreed to dismiss the claims against Experian with prejudice on September 11, 2019.  *Id*. at ¶ 3.  Experian and Plaintiff filed a joint letter motion on September 27, 2019 to inform the Court about the voluntary dismissal and that the parties were working through the terms of the dismissal, including whether Experian would be seeking attorneys' fees.  *See* ECF No. 50.  The Court dismissed the case on September 27, 2019, and retained jurisdiction to hear motions for attorneys' fees filed within 30 days.  *Id*.

## LEGAL STANDARD

Attorneys' fees are warranted under 28 U.S.C. § 1927 where "(1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith."  *Kim v. Kimm*, 884 F.3d 98, 106 (2d Cir. 2018) (internal quotations and citation omitted).  In addition, the Court possesses the inherent power to sanction a party or an attorney who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013).

This inherent power arises from the necessary control that federal courts must have to manage their own affairs for the orderly and expeditious disposition of cases.  *Id*.; *Abreu v. Receivable Collection Svcs., LLC*, 2019 WL 1876722, at *2 (E.D.N.Y. Apr. 26, 2019) ("[I]n practice, the only meaningful difference . . . is that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both.") (citing to *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012)); *see also Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985) (finding sanctions permissible "when it appears that a pleading has been interposed for any improper purpose, *or where*, after reasonable

4

inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law."); *Bunnell v. Haghighi*, 183 F. Supp. 3d 364, 372 (E.D.N.Y. 2016) (courts may sanction parties and their counsel for "refus[ing] to withdraw" an allegation or claim).

## ARGUMENT

### I. EXPERIAN IS ENTITLED TO ATTORNEYS' FEES INCURRED IN DEFENSE OF PLAINTIFF'S MERITLESS CLAIMS.

#### A. Plaintiff's FCRA Claims Lack Merit.

Plaintiff's claims against Experian lack any factual basis because the evidence wholly contradicts the false statements asserted by Plaintiff in his complaint, sworn affidavit, and legal memoranda and other documents submitted to the Court. "A claim is entirely without color when it lacks any legal or factual basis." *Abreu*, 2019 WL 1876722, at *2.

The existence of a factual inaccuracy in a consumer's credit report is a prerequisite to FCRA claims under 15 U.S.C. §§ 1681i and 1681e(b). *See, e.g.*, *Khan v. Equifax Info. Svcs., LLC*, 2019 WL 2492762, at *3 (E.D.N.Y. Jun. 14, 2019) (stating that a plaintiff asserting claims under Sections 1681i and 1681e(b) "must demonstrate that the disputed information is inaccurate"). Plaintiff attempted to satisfy this requirement by falsely alleging in his Complaint that it was inaccurate for Experian to report a "negative tradeline" for his Nationstar account. Compl. at ¶¶ 12, 15. He further alleged that Experian failed to conduct a reasonable reinvestigation of his disputes, received by Experian on April 3 and May 23, 2018, because Experian allegedly "did not fix the errors" of reporting his account as past due. *See* Compl. at ¶ 15; ECF Nos. 38-3, 38-6.

5

This assertion was repeated in Plaintiff's counsel's letters to the Court on April 3, 2019 and April 8, 2019, opposing Experian's request to file a motion to dismiss or motion for summary judgment.  *See* ECF Nos. 22, 25.  For example, the letter-brief stated that "he was never late on his mortgage payments with Nationstar," and that Experian was inaccurately reporting negative information about Plaintiff's account, "namely that he was delinquent on his mortgage payments."  *See* ECF No. 25.

During the briefing of the motion for summary judgment, Plaintiff's memorandum continued to wrongly argue that Plaintiff was never late in making any payments to Nationstar. In the opposition memorandum of law, Plaintiff argued that there was a genuine issue of material fact because "Mr. Manopla was never late in making his payments to Nation Star Mtg, LLC" and that "he had never been delinquent[] with Nationstar."  *See* ECF No. 40.  Moreover, Plaintiff submitted a sworn affidavit that Experian's "report was incorrect because I had always been current with this account" and that "[i]f Experian had done a reasonable reinvestigation, it would have removed the negative information from my report."  *See* Affidavit of Morris Manopla, ECF 40-1, at ¶¶ 2, 5.  He repeated again, "Since I was never late in making payments to Mr. Cooper aka Nationwide Mtg LLC, the negative information reported by Experian damaged my credit profile."  *Id*. at ¶ 5.  Plaintiff also asserted in the sworn affidavit that he had allegedly attached documentation of his payment history showing timely payment in his dispute letters to Experian, *see id*., which necessitated expenditure of additional Experian attorney time in the reply memorandum of law to address this false assertion.  *See* ECF No. 42.  None of this was true.

Attorneys' fees are warranted when there is dispositive evidence about which the plaintiff himself must have known.  *Reichmann v. Neumann*, 553 F. Supp. 2d 307, 327 (S.D.N.Y. 2008). This is particularly true when there is dispositive evidence in the "form of a document signed by

6

plaintiff himself, a document about which he must have known." *Id*. 327. Here, that evidence included an October 23, 2017 letter in which Plaintiff admitted that he had been late and had not made payments. *See* Tobitsch Decl., at Ex. 8. Plaintiff was clearly aware of this letter but it was not discovered by Experian until Nationstar produced it after the summary judgment hearing.

    **B.    Plaintiff's FCRA Claim Was Brought and Maintained in Bad Faith and For Improper Purposes.**

This lawsuit was brought and maintained against Experian in bad faith. First, Plaintiff had actual knowledge that he made late payments to Nationstar. *See* Tobitsch Decl., at Ex. 8. Despite this knowledge, he filed this case against Experian for reporting allegedly inaccurate information, and pursued erroneous legal arguments in an effort to defeat summary judgment. Plaintiff only dismissed this lawsuit when faced with irrefutable, dispositive evidence. Such behavior is grounds for a finding of bad faith. *Reichmann*, 553 F. Supp. 2d at 327-28 (imposing sanctions against plaintiff and his counsel for only abandoning a case after "[f]aced with dispositive evidence against them, primarily in the form of a document signed by plaintiff himself, a document about which he must have known").

Second, Plaintiff attended in person the April 10, 2019 pre-motion conference, during which Nationstar's counsel stated that there was "a delinquency that started on January 21st of 2016." *See* April 10, 2019 Hr'g Tr., at 4:4-5. Neither Plaintiff nor his counsel corrected the record to admit the account delinquency at or after the hearing.

Third, Plaintiff attempted to obscure the truth by submitting misleading documentation designed to create a false material issue of fact to defeat Experian's motion for summary judgment. Plaintiff submitted a composite exhibit attached as Exhibit D to his affidavit, creating the impression that he was damaged by Experian's reporting by combining a loan denial letter dated October 9, 2018, with the results of the reinvestigation mailed to Plaintiff on April 30,

7

2018. *See* ECF. No. 40-1, at Ex. D. These two documents do not belong together because the results of the reinvestigation were mailed only to Plaintiff, and the alleged loan denial occurred six months later on the basis of a report issued by a different consumer credit reporting agency. *Id*.

Fourth, Plaintiff falsely asserted that he submitted "proof" documents to Experian during the disputes in April and May 2018. Plaintiff also assiduously avoided attaching mortgage statements from the relevant time period of August 2017 through June 2018. Instead, Plaintiff's affidavit attached as Exhibit B a mortgage loan statement from September 2018 that was generated *after* his loan was permanently modified in July 2018, another fact he did not disclose to the Court or Experian. When Experian demonstrated that the alleged proof documents were not from the relevant time period (ECF No. 37, at 10), Plaintiff changed his argument and swore in his affidavit that he discarded the purported proof documents. *See* ECF No. 40-1 at ¶ 4.

There are other examples of Plaintiff's misleading conduct outlined in Experian's reply memorandum of law in support of its motion for summary judgment. *See* ECF. No. 42, at 9-10. Even as Plaintiff's allegations "grew more and more implausible," his attorney did not reasonably investigate and correct or withdraw the putative support for his claims. *Reichmann*, 553 F. Supp. at 328. Plaintiff and his counsel "turned a blind eye to the inconvenient facts and documents presented by" Experian in its motion, and instead submitted false documents for Plaintiff's affidavit that forced Experian to expend further time investigating the nature of these documents. *Id*. at 320.

## II.   EXPERIAN'S REQUEST FOR ATTORNEYS' FEES IS REASONABLE.

Experian requests $16,050 for attorneys' fees incurred for work on its motion to dismiss and for summary judgment. Experian's request for attorneys' fees is reasonable based on both

8

hours and rates. Experian is limiting its request for attorneys' fees for time spent working on dispositive motions.

To determine whether the number of hours expended are "reasonable," the district court "examines the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case." *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997). As described in the attached attorney declaration in support of Experian's attorneys' fee application and supporting exhibits, the hours expended by Experian's counsel at Jones Day were spent on a variety of tasks that were reasonable and necessary in light of Plaintiff's filing, his continued prosecution of his baseless claim, and Experian's need to repeatedly respond to an expanding number of falsehoods, such as the claim that exhibits were attached to Plaintiff's dispute letters.

Experian had a primary team of two attorneys and one project assistant based in Jones Day's Manhattan office. Kerianne Tobitsch is a senior associate, and is Experian's lead attorney on the case and possesses familiarity with the facts and procedural history. Chris Lopata is Of Counsel, and is an experienced litigator of 22 years who brought his expertise in FCRA cases and litigation strategy to bear in reviewing and revising the summary judgment motion. Daniel Velez is a project assistant who manages dozens of FCRA cases, and assisted in preparing Ms. Tobitsch for oral argument.

The work of Experian's counsel was expended primarily on (1) the pre-motion conference letter, (2) the memoranda of law in support of Experian's motion for summary judgment motion, (3) Experian's Rule 56.1 statement of undisputed material facts and declaration in support of its motion, (4) the reply memoranda of law in support of Experian's motion for summary judgment, which included analyzing Plaintiff's composite exhibits and

9

addressing Plaintiff's false contention that he had proof documents showing timely payment, and (5) oral argument preparation. The time spent on each of these tasks was necessary to brief the Court and address Plaintiff's attempt to create a material issue of disputed fact out of a false factual premise. Experian's counsel spent substantially more time on this case, but Experian is narrowly tailoring its request for attorneys' fees to work expended on the dispositive motions only.

Experian seeks fees at rates within the dollar-band recently approved by this Court as "prevailing" for fee requests in actions pending here, though the rates of Experian's counsel exceed those prevailing rates. For the Eastern District of New York, "[c]ourts have found that the prevailing hourly rates in this district are generally between $300 and $400 for law firm partners, $200 to $300 for senior associates, and $100 to $200 for junior associates." *LG Capital Funding, LLC v. 5Barz Int'l, Inc.*, 16-cv-2752, 2019 WL 3082478, at *2 (E.D.N.Y. July 15, 2019). "Recently, reasonable hourly rates in this district have ranged from $70-$100 for paralegals." *Cummings v. W. Harlem Cmty. Org., Inc.*, 17-cv-4236, 2018 WL 3435058, at *6 (E.D.N.Y. July 17, 2018) (internal quotation marks and alterations omitted).

Thus, Experian is requesting fees based on a rate of $100 for Jones Day's project assistant, $200 for Jones Day's senior associate, and $400 for Jones Day's of counsel, whose experience is equivalent to that of a partner. *See Kaufman v. Equifax Info. Svcs., LLC, et al.*, Order, 1:18-cv-07420-BMC, ECF. No. 56 at 8 (Cogan, J.).

As detailed in the attached declaration and exhibits, *see* Exs. 2 & 3, Experian is seeking recovery of $330 for the project assistant ($100 x 3.3 hours), $7,720 for the senior associate (200 x 38.6 hours), and $8,000 for the Of Counsel ($400 x 20 hours). This totals $16,050.

10

**CONCLUSION**

Plaintiff and his counsel filed and aggressively pursued an unmeritorious lawsuit against Experian based on a false factual premise. For the reasons set forth above, Experian respectfully requests that the Court award it $16,050 for attorneys' fees incurred in bringing its dispositive motions.

Dated: October 25, 2019　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　/s/ *Kerianne Tobitsch*
　　　　　　　　　　　　　　　　　　　　　　　Kerianne Tobitsch
　　　　　　　　　　　　　　　　　　　　　　　JONES DAY
　　　　　　　　　　　　　　　　　　　　　　　250 Vesey Street
　　　　　　　　　　　　　　　　　　　　　　　New York, NY 10281
　　　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 326-8321
　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 755-7306
　　　　　　　　　　　　　　　　　　　　　　　Email: ktobitsch@jonesday.com

　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　　　　　　*Experian Information Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

      I, Kerianne Tobitsch, certify that on October 25, 2019, I caused the foregoing to be filed with the Clerk of the Court and served upon all counsel of record via the CM/ECF system.

                                              */s/ Kerianne Tobitsch*
                                              Kerianne Tobitsch

                                              *Attorneys for Defendant*
                                              *Experian Information Solutions, Inc.*