# Exhibit 3



P.O. Box 619097
Dallas, TX 75261

MORRIS MANOPLA
AUDREY MANOPLA



P.O. Box 619097
Dallas, TX 75261

Call 1-888-850-9398
for Immediate Assistance.

MORRIS MANOPLA
AUDREY MANOPLA

December 15, 2017

Loan #:
Property Address: 

Dear Morris Manopla & Audrey Manopla:

**Congratulations !** You are approved to enter into a Trial Period Plan under the Alternative Modification Program. This is the *first* step in the process toward qualifying for a **permanent** loan modification. It is important that you read this information in its entirety so you completely understand the actions you need to take to successfully complete the Trial Period Plan to permanently modify your mortgage.

**To Accept this Offer**

You must contact us at 1-888-850-9398 or in writing at Mr. Cooper, P.O. Box 619097, Dallas, TX 75261, by no later than 14 calendar days from the date of this letter to indicate your intent to accept this offer. In addition, you must make your first Trial Period Plan payment by 1/1/2018.

**To Stop the Foreclosure Process (Suspension of Foreclosure)**

In order for us to delay referring your mortgage to foreclosure, or to suspend foreclosure proceedings if the loan has been referred to foreclosure:

- You must contact us at 1-888-850-9398 or in writing at in writing at Mr. Cooper, P.O. Box 619097, Dallas, TX 75261-9741, by no later than 14 calendar days from the date of this letter to indicate your intent to accept this offer.

- You may also make your first Trial Period Plan payment by no later than 14 calendar days from the date of this letter, which is **earlier than the schedule due date** described below, in order for us to stop the foreclosure process.

**What you need to do…**

To accept this offer, you must make the new monthly "trial period payments" in place of the normal monthly mortgage payment. Please send your **new** monthly trial period payments, according to the schedule below, making sure you do not send any payments sooner or before these following dates, and that none of the payments are higher than the agreed upon trial modification payment which could jeopardize final approval of your permanent modification agreement. In addition, it's important to know that your new trial period payments must include escrow for property taxes and homeowners insurance. Your payments may increase to reflect this escrow amount.

Mr. Cooper is simply a new brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a service mark of Nationstar Mortgage LLC. All rights reserved.

Nationstar Mortgage LLC d/b/a Mr. Cooper is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.



---

**Trial Period Plan**

1st payment: $4,356.26 due 1/1/2018
2nd payment: $4,356.26 due 2/1/2018
3rd payment: $4,356.26 due 3/1/2018
4th payment: $4,356.26 due 4/1/2018

---

After all trial payments are made on time and you have submitted all the required documents, your mortgage will then be reviewed to be permanently modified (the existing loan and loan requirements remain in **full force and effect** and unchanged during the trial period). **If each trial payment is not received by Mr. Cooper in the month in which it is due, this offer will be terminated and and your loan will not be modified under the Alternative Modification program.**

If you have any questions or if you cannot afford the trial period payments shown above but want to remain in your home, or if you have decided to leave your home but still want to avoid foreclosure, your Dedicated Loan Specialist is Joel Vazquez and can be reached at (866)-316-2432 EXT. 5493358, Monday through Friday, between 8:00 a.m. and 7:00 p.m. (CT), and Saturday, between 8:00 a m. and 12:00 p.m. (CT) or via mail at Mr. Cooper LLC, P.O. Box 619097, Dallas, TX 75261-9741, or email us at customerrelations@mrcooper.com. Visit us on the web at www.mrcooper.com for more information.

If you have questions about the Home Affordable Modification, call the Homeowner's HOPE™ Hotline at 1-888-995-HOPE (4673). This Hotline can help with questions about the program and offers access to free HUD-certified counseling services in English and Spanish. You can also visit www.HUD.gov for additional information.

To help streamline the process and avoid delays, we proudly offer eSign. eSign will allow you to receive and sign documents electronically. Please contact the Dedicated Loan Specialist for more details.

## For additional information, visit www.mrcooper.com

Sincerely,

Mr. Cooper
Foreclosure Prevention Department

**Additional Trial Period Plan Information and Legal Notices and Frequently asked Questions**

- This Trial Period Plan offer is contingent on you providing accurate and complete information. We reserve the right to revoke this offer or terminate the plan following your acceptance if we learn of information that would make you ineligible for the Trial Period Plan.

- Once your loan is permanently modified, there is no pre-payment penalty for paying more than the amount due, and you can always pay more if you want to reduce your principal balance more quickly. However you will not be permitted to pay any less than the required payment.

- Once you have successfully made each of your payments by their due dates, have submitted two signed copies of the modification agreement, and we have signed the modification agreement, your mortgage will be permanently modified in accordance with the terms of the modification agreement.

- **We must receive each payment, in the month in which it is due. If you miss a payment or do not fulfill any other terms of your Trial Period Plan, this offer will end and your mortgage loan will not be modified.**

- Please note that except for your monthly mortgage payment amount during the Trial Period Plan, the terms of your existing note and all mortgage requirements remain in effect and unchanged during the Trial Period Plan.

- In the event of any action arising out of or relating to this Agreement, each party shall bear its own costs and expenses, including reasonable attorneys fees, incurred in connectionwith such action.

**We will not refer your loan to foreclosure or proceed to foreclosure sale during the Trial Period Plan, provided you are complying with the terms of the Trial Period Plan:**

- Any pending foreclosure action or proceeding that has been suspended may be resumed if you fail to comply with the terms of the plan or not qualify for a permanent modification.

- You agree that we will hold the trial period payments in an account until sufficient funds are in the account to pay the oldest delinquent monthly payment. You also agree that we will not owe you interest on the amounts held in the account. If any money is left in this account at the end of the Trial Period Plan and you qualify for a loan modification, those funds will be deducted from amounts that would otherwise be added to your modified principal balance.

- Our acceptance and posting of your payment during the trial period will not be deemed a waiver of the acceleration of your loan (or foreclosure actions) and related activities, and shall not constitute a cure of your default under your loan unless such payments are sufficient to completely cure your entire default under your loan.

**If your monthly payment did not include escrows for taxes and insurance, you are now required to do so:**

- You agree that any prior waiver that allowed you to pay directly for taxes and insurance is revoked. You agree to establish an escrow account and to pay required escrows into that account.

- It's important to know that your new trial period payments are required to include escrow for property taxes and homeowners insurance. Your payments may increase to reflect this escrow amount.

**Your current loan documents remain in effect; however, you may make the trial period payment instead of the payment required under your loan documents:**

- You agree that all terms and provisions of your current mortgage note and mortgage security instrument remain in full force and effect and you will comply with those terms; and that nothing in the Trial Period Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the loan documents.
- Please note that if you fail to comply with the terms of the plan, or later fail to comply with the terms of the modification agreement after completion of the plan, you may be ineligible for another loan modification.

**The Trial Period Plan notice will be rescinded if an error is detected.**

- You agree that if an error in the terms of the Trial Period Plan or your eligibility is detected after issuance of the Trial Period Plan notice, the Trial Period Plan may become void and of no legal effect upon notice to you of such error. You understand that a corrected Trial Period Plan will be provided to you if it is determined that you remain eligible for a loan modification after correction of the error.

*If you previously received a Chapter 7 bankruptcy discharge, but did not reaffirm the mortgage debt under applicable law:*

- You agree that you were discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the Loan Documents. Based on this representation, Lender agrees that you will not have personal liability on the debt pursuant to this Trial Period Plan.

**Q. What else should I know about this offer?**

- If you make your new Trial Period Plan payments timely, and you continue to remain eligible for the permanent modification, **we will not conduct a foreclosure sale.**
- If your loan is modified, we will waive all unpaid late charges.
- **Credit Reporting:** We will continue to report the delinquency status of your loan to credit reporting agencies as well as your entry into a Trial Period Plan in accordance with the requirements of the Fair Credit Reporting Act and the Consumer Data Industry Association requirements. **Credit scoring companies generally consider the entry into a plan with reduced payments as an increased credit risk. As a result, entering into a Trial Period Plan may adversely affect your credit score, particularly if you have a good credit score.** For more information about your credit scores go to ftc.gov/bcp/edu/pubs/consumer/credit/cre24.shtm.

**Q. Why is there a trial period?**

The trial period offers you immediate payment relief and g ives you time to make sure you can manage the estimated new monthly mortgage payment. The trial period is temporary, and your existing loan and loan requirements remain in effect and unchanged during the trial period.

**Q. When will I know if my loan can be modified permanently and how will the modified loan balance be determined?**

If you continue to remain eligible for the permanent modification, once you make all of your trial period payments on time and return to us the required copies of a modification agreement with your signature, we will sign one copy and send it back to you so that you will have a fully executed modification agreement detailing the terms of the modified loan. Any difference between the amount of the Trial Period Payments and your regular mortgage payments will be added to the balance of your loan along with any other past due amounts as permitted by your loan documents. While this will increase the total amount that you owe, it should not significantly change the amount of your modified mortgage payment.

**Q. What if I enter into a trial plan prior to loss of good standing on my current HAMP modification?**

If a loan in a permanent modification under HAMP enters into a trial for another modification, your current modified payment and terms will be changed according to the terms of this notice. In addition, it is no longer eligible to receive incentives under the existing HAMP modification, even if it is not ultimately re-modified and the modification remains in effect.

**Q. Will my interest rate and principal and interest payment be fixed after my loan is permanently modified?**

Once your loan is modified, your interest rate and monthly principal and interest payment will be fixed for the life of your mortgage. Your new monthly payment may include an escrow for property taxes, hazard insurance and other escrowed expenses, unless its inclusion is prohibited by applicable law. If the cost of your homeowners insurance, property tax assessment or other escrowed expenses increases, your monthly payment will increases well.

**Loss Mitigation Options**

You were evaluated for mortgage payment assistance based on the eligibility requirements of New Residential Investment Corp., the owner/guarantor/trustee of your mortgage loan. New Residential Investment Corp. requirements for determining borrowers eligibility for a loan modification Trial Period Plan include the use of a hierarchy evaluation approach under which a borrower who is eligible for a modification program higher in the hierarchy is ineligible for a modification program lower in the hierarchy.

Based on our review of your financial circumstances, you are approved for a Alternative Modification. Below is a breakdown of your hierarchy evaluation:

   Alternative Modification - Approved

If you have any questions regarding the information outlined in this document, your Dedicated Loan Specialist is Joel Vazquez and can be reached at (866)-316-2432 EXT. 5493358, Monday through Friday, between 8:00 a m. and 7:00 p m. (CT), and Saturday, between 8:00 a.m. and 12:00 p.m. (CT) or via mail at Mr. Cooper LLC, P.O. Box 619097, Dallas, TX 75261-9741, or email us at customerrelations@mrcooper.com. Visit us on the web at www.mrcooper.com for more information.

You have the right to appeal non-approval for a modification or to discuss loss mitigation options that may be available to you within 30 calendar days from the date of this notice. The appeal must be in writing and sent to the mailing address below. Please specify the basis for your dispute, and include any documentation you believe is relevant to the appeal, such as property valuation or proof of income.

Mr. Cooper
Attn: Customer Relations
P.O. Box 619098
Dallas, TX 75261-9741

Please note the following:

A third-party appraisal or other written valuation was developed in connection with you application for loss mitigation. A copy of that evaluation should have been forwarded to your mailing address. If you did not receive a copy, please contact us directly to request an additional copy.

Although unrelated to the decision, Mr. Cooper is required to provide the values that were utilized in the Net Present Value (NPV) evaluation. Attached are the NPV input data fields and values.

| NPV INPUT DATA FIELDS AND VALUE | | |
|---|---|---|
| **Input Data Fields** | **Explanation** | **Value used in NPV calculation to determine the eligibility of your mortgage** |
| **I. Borrower Information** | | |
| **Monthly Gross Income** | This field identifies the monthly gross income of all borrowers on your loan before any payroll deductions or taxes. | $14,858.40 |
| **II. Property Value** | | |
| **Property Value** | This field identifies the estimated fair market value of your property used by us, your servicer for this analysis. | $1,338,000.00 |

**Hawaii Residents:** If you believe a loss mitigation option request has been wrongly denied, you may file a complaint with the state division of financial institutions at 808-586-2820 or http://cca.hawaii.gov/dfi/.

**New York Residents:** Nationstar Mortgage LLC d/b/a Mr. Cooper is licensed by the New York City Department of Consumer Affairs License Number: 1392003. **If you believe a Loss Mitigation request has been wrongly denied, you may file a complaint with the New York State Department of Financial Services at 800-342-3736 or www.dfs.ny.gov.**

**New York Residents Income Disclosure:** If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: supplemental security income (SSI); social security; public assistance (welfare); spousal support, maintenance (alimony) or child support; unemployment benefits; disability benefits; workers' compensation benefits; public or private pensions; veterans' benefits; federal student loans, federal student grants, and federal work study funds; and ninety percent of your wages or salary earned in the last sixty days.

**Oregon Residents:** There are government agencies and nonprofit organizations that can give you information about foreclosure and help you decide what to do. For the name and telephone number of an organization near you, please call 211 or visit www.oregonhomeownersupport.gov. If you need help finding a lawyer, consult the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling 503-684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at 800-452-7636. Free legal assistance may be available if you are very low income. For more information and a directory of legal aid programs, go to www.oregonlawhelp.org.

**North Carolina Residents:** Nationstar Mortgage LLC d/b/a Mr. Cooper is licensed by the North Carolina Commissioner of Banks, Mortgage Lender License L-103450. Nationstar Mortgage LLC d/b/a Mr. Cooper is also licensed by the North Carolina Department of Insurance, Permit Numbers 105369, 112715, 105368, 111828, 112953, and 112954. **If you believe a Loss Mitigation request has been wrongly denied, you may file a complaint with the North Carolina Office of the Commissioner of Banks website www.nccob.gov.**

**Texas Residents:** COMPLAINTS REGARDING THE SERVICING OF A MORTGAGE SHOULD BE SENT TO THE DEPARTMENT OF SAVINGS AND MORTGAGE LENDING, 2601 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT 877-276-5550. A complaint form and instructions may be downloaded and printed from the Department's website located at www.sml.texas.gov or obtained from the department upon request by mail at the address above, by telephone at its toll-free consumer hotline listed above, or by email at smlinfo@sml.texas.gov.

**Notices of Error:**

If you believe an error has been made with respect to your mortgage loan, you should provide to us in writing the following information: Your name (and the name of the borrower, if you are an authorized third party), the loan account number, and the error you believe has occurred. To submit a notice of error, you must send this information to the following address:

Mr. Cooper
Attn: Customer Relations
P.O. BOX 619098
DALLAS, TX 75261-9741

**Requests for Information:**

To request information regarding your account, you should provide to us in writing the following information: Your name (and the name of the borrower, if you are an authorized third party), the loan account number, and the information you are requesting with respect to your mortgage loan. To submit a request for information, you must send this information to the following address:

Mr. Cooper
Attn: Customer Relations
P.O. BOX 619098
DALLAS, TX 75261-9741

After Recording Return To:
Nationstar Mortgage LLC d/b/a Mr. Cooper
8950 CYPRESS WATERS BLVD
DALLAS, TX 75019

This Document Prepared By:
   Stephanie Watts
Nationstar Mortgage LLC d/b/a Mr. Cooper
8950 CYPRESS WATERS BLVD
DALLAS, TX 75019

Parcel ID Number:

Original Loan Note Amount: $475,000.00
Current UPB: $367,476.15
New Money: $0.00
New UPB: $460,340.32
Section: _____, Block: _____, Lot: _____

_____ [Space Above This Line For Recording Data] _____
                                                                                          Loan No:

# LOAN MODIFICATION AGREEMENT

This property is or will be improved by a one or two family dwelling only.

This Loan Modification Agreement ("Agreement"), made this **29th day of June, 2018**, between **MORRIS MANOPLA and AUDREY MANOPLA**, whose mailing address is ███████████████████ ███████████████ ("Borrower") and **Nationstar Mortgage LLC d/b/a Mr. Cooper**, whose address is **8950 CYPRESS WATERS BLVD, DALLAS, TX 75019** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated _____, _____ and recorded in Book/Liber N/A, Page N/A, Instrument No: N/A, of the Official Records of _____ County, NY and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at ███████████████████ ███████████████ the real property described being set forth as follows:

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):



LOAN MODIFICATION AGREEMENT - NSPrinDef
9394 11/14



(page 1 of 4)

1. As of **July 1, 2018**, the amount payable under the Note and the Security Instrument (the "New Principal Balance") is U.S. **$460,340.32**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized. I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid interest that is added to the outstanding principal balance, which would not happen without this Agreement.

2. The new Maturity Date will be **July 1, 2058**.

3. Interest at the rate of **4.500%** will begin to accrue on the New Principal Balance as of **July 1, 2018** and the first new monthly payment on the New Principal Balance will be due on **August 1, 2018**. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Prin & Int Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-40 | 4.500% | July 01, 2018 | $2,069.52 | $2,214.92 May adjust periodically | $4,284.44 May adjust periodically | August 01, 2018 | 480 |

*Chart reflects amounts of principal and interest owed and initial monthly escrow payment amount. Future total monthly payments may adjust due to fluctuation in escrow payment obligations, advances or arrearages.

4. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.
If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

5. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument.

6. Borrower understands and agrees that:

    (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

    (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any



LOAN MODIFICATION AGREEMENT - NSPrinDef
9394 11/14

(page 2 of 4)

way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) In the event that I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the loan documents and did not reaffirm the mortgage debt under applicable law, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

(d) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(e) If permitted by applicable law, all costs and expenses incurred by Lender in connection with this Agreement, including recording fees and taxes, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(f) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(g) That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original loan documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification.

(h) In the event of any action(s) arising out of or relating to this Agreement or in connection with any foreclosure action(s) dismissed as a result of entering into this Agreement, if permitted by applicable law, I will remain liable for and bear my own attorney fees and costs incurred in connection with any such action(s).

(i) Borrower understands that the mortgage insurance premiums on the Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which the borrower may request cancellation of mortgage insurance may change as a result of the New Principal Balance.



LOAN MODIFICATION AGREEMENT - NSPrinDef
9394 11/14

(page 3 of 4)

In Witness Whereof, the Lender and I have executed this Agreement.

_____  Date: 7/4/2018
**MORRIS MANOPLA** -Borrower

_____  Date: 7/4/2018
**AUDREY MANOPLA** -Borrower

Nationstar Mortgage LLC d/b/a Mr. Cooper

By: _____ (Seal) - Lender
Name: Stephanie Watts
Title: **Assistant Secretary**

_____
Date of Lender's Signature


LOAN MODIFICATION AGREEMENT - NSPrinDef
9394 11/14


(page 4 of 4)

Loan No.: ▮▮▮▮▮▮
Borrower: MORRIS MANOPLA and AUDREY MANOPLA

## AGREEMENT TO MAINTAIN ESCROW ACCOUNT

WHEREAS, MORRIS MANOPLA and AUDREY MANOPLA ("Borrower") desires Nationstar Mortgage LLC d/b/a Mr. Cooper ("Lender") to collect payments from Borrower to be held by Lender for the payment of certain sums due in connection with Borrower's Note and Security Instrument, dated _____, ____, (hereinafter referred to as "Note" and "Security Instrument" respectively) currently held by Lender;

NOW THEREFORE, in consideration of the foregoing and the mutual covenants contained in this Agreement ("Agreement"), Borrower agrees to pay Lender, on the day Periodic Payments are due under the Note, until the Note is paid in full, or the Escrow Account is otherwise terminated pursuant to this Agreement or in accordance with applicable law, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Security Instrument; and (d) Mortgage Insurance Premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums. These items are called "Escrow Items." In the event that Borrower receives bills, assessments, invoices, or other requests for payment of Escrow Items, Borrower shall promptly furnish to Lender all such notices.

Borrower shall pay Lender the Funds for Escrow Items unless this Agreement is terminated either by Lender, or pursuant to applicable law. In the event of termination, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. In the event Borrower is obligated to pay Escrow Items directly, and Borrower fails to pay the amount due for an Escrow Item, Lender may pay such amount in accordance with the terms of the Note and Security Instrument and Borrower shall then be obligated to repay Lender any such amount. Additionally, if Borrower is obligated to pay Escrow Items directly, and Borrower fails to pay the amount due for an Escrow Item, Lender may, in accordance with applicable law, require Borrower to maintain an Escrow Account.

Borrower agrees to make an initial payment of Funds to establish the escrow account, which amount shall be based on an estimate of the amount and date of expenditures for future Escrow Items, or otherwise in accordance with the Real Estate Settlement Procedures Act ("RESPA"). The estimate of expenditures of future Escrow Items shall be made based on current data available to Lender. Borrower acknowledges that the actual payments of Escrow Items may vary from the estimated amounts.

Lender will collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time period specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless agreed to in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to


AGREEMENT TO ESTABLISH ESCROW ACCOUNT 11/12


(Page 1 of 2)

Loan No.: ▇▇▇▇▇▇
Borrower: MORRIS MANOPLA and AUDREY MANOPLA

Lender the amount necessary to make up the shortage in accordance with RESPA. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument or termination of this Agreement, Lender shall promptly refund to Borrower any Funds held by Lender.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Agreement to Maintain Escrow Account.

_____   Date: 7/4/2018
MORRIS MANOPLA  -Borrower

_____   Date: 7/4/2018
AUDREY MANOPLA  -Borrower


AGREEMENT TO ESTABLISH ESCROW ACCOUNT 11/12


(Page 2 of 2)

# LETTER OF ACKNOWLEDGEMENT

June 29, 2018

MORRIS MANOPLA and AUDREY MANOPLA

RE: Loan number:

Dear MORRIS MANOPLA and AUDREY MANOPLA,

Attached for execution is the Modification Agreement for your loan serviced by Nationstar Mortgage LLC d/b/a Mr. Cooper. The Modification Agreement sets forth the future terms of repayment for your loan, and may include capitalization of certain outstanding past due amounts. **The specific terms are identified in the Modification Agreement, and may include a period of time for which your payment will consist only of interest payments (resulting in no principal reduction) and/or change in the amortization term of your loan** (Such a change may result in you owing a lump sum payment upon maturity of your loan).

In addition to the foregoing, in consideration of Nationstar Mortgage LLC d/b/a Mr. Cooper agreeing to the modification of your loan account, you acknowledge and agree that Nationstar Mortgage LLC d/b/a Mr. Cooper may maintain an escrow account to collect funds for the payment of future taxes and insurance in accordance with the terms of the attached Agreement to Maintain Escrow Account.

Your estimated total monthly payment will be **$4,284.44**, which includes your initial monthly escrow payment of **$2,214.92**.

Additionally, a Mobile Notary will come to your place of convenience, at no cost to you to assist in signing and notarizing the modification documents, please call to setup your free appointment.

Should you have any questions regarding the terms of this Letter Acknowledgement or the Modification Agreement, please do not hesitate to contact Joel Vazquez at 469-549-3358.

In order for this modification offer to become enforceable, all trial payments must be made in accordance with the terms of the trial approval letter. If any trial payments are not completed within the designated timeframe in which they are due, the modification will not be considered completely executed and the offer will be terminated.

Sincerely,
Nationstar Mortgage LLC d/b/a Mr. Cooper

Acknowledged and agreed to by:

_____   Date: 7/4/2018
MORRIS MANOPLA -Borrower

_____   Date: 7/4/2018
AUDREY MANOPLA -Borrower

Mr. Cooper is a brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a registered service mark of Nationstar Mortgage LLC. All rights reserved.

Nationstar Mortgage LLC d/b/a Mr. Cooper is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.

If you are a successor in interest (received the property from a relative through death, devise, or divorce, and you are not a borrower on the loan) that has not assumed, or otherwise become obligated on the debt, this communication is for informational purposes only and is not an attempt to collect a debt from you personally.




Ack. Ltr. - Escrow - No Fee
9386 03/18

(page 1 of 1)

# ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number: ███████   Date: June 29, 2018

Borrower(s):   MORRIS MANOPLA and AUDREY MANOPLA

Property Address: ███████████████████████████

Lender:   Nationstar Mortgage LLC d/b/a Mr. Cooper

In consideration of **Nationstar Mortgage LLC d/b/a Mr. Cooper** (the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs, or any municipal bonding authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses. Borrower's failure to comply with all such requests within such 30 day time period will result in the Lender adjusting the modified terms without the borrower's consent.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_____   Date: 7/4/2018
MORRIS MANOPLA -Borrower

_____   Date: 7/4/2018
AUDREY MANOPLA -Borrower


